IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MICHAEL G. LONG and CHERYL A. WILCOX LONG, | |
| Plaintiffs, | CIVIL ACTION |
| v. | COMPLAINT 1:16-cv-11762 |
| BAYVIEW LOAN SERVICING, LLC; EQUIFAX CREDIT INFORMATION SERVICES, INC.; EXPERIAN INFORMATION SOLUTIONS, INC. and TRANSUNION, LLC, | JURY TRIAL DEMANDED |
| Defendants. | |

## **COMPLAINT**

NOW COME the Plaintiffs, MICHAEL G. LONG and CHERYL A. WILCOX LONG, by and through their attorneys, SULAIMAN LAW GROUP, LTD., complaining of the Defendants, BAYVIEW LOAN SERVICING, LLC; EQUIFAX CREDIT INFORMATION SERVICES, INC.; EXPERIAN INFORMATION SOLUTIONS, INC. and TRANSUNION, LLC, as follows:

### NATURE OF THE ACTION

1.  This is an action brought by consumers seeking redress for violation(s) of the Fair Credit Reporting Act, 15 U.S.C. §1681 et seq., the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq., and the Illinois Consumer Fraud and Deceptive Business Practices Act.

### JURISDICTION AND VENUE

2.  Subject matter jurisdiction exists over the Fair Credit Reporting Act claim(s) and the Fair Debt Collection Practices Act claim(s) under 28 U.S.C. §§ 1331 and 1337.

3.      Venue is proper under 28 U.S.C. § 1391(b) as a substantial part of the events giving rise to the claims took place in the Northern District of Illinois.

## PARTIES

4.      MICHAEL G. LONG and CHERYL A. WILCOX LONG ("Plaintiffs") are natural persons, over 18-years-of-age, who at all times relevant resided at the property located at 1920 North Natoma Avenue, Chicago, Illinois 60707.

5.      BAYVIEW LOAN SERVICING, LLC ("Bayview") is a limited liability company formed under the laws of the State of Delaware. Bayview has a principal place of business located at 4425 Ponce De Leon Boulevard, 4th Floor, Coral Gables, Florida 33146.

6.      EQUIFAX CREDIT INFORMATION SERVICES, INC. ("Equifax") is a foreign corporation formed under the laws of the State of Delaware. Equifax has a principal place of business located at 1550 Peachtree Street Northeast, Atlanta, Georgia, 30309.

7.      EXPERIAN INFORMATION SOLUTIONS, INC. ("Experian") is a foreign corporation formed under the laws of the State of Ohio. Experian has a principal place of business located at 475 Anton Boulevard, Costa Mesa, California 92626.

8.      TRANSUNION, LLC ("TransUnion") is a limited liability company formed under the laws of the State of Delaware. TransUnion has a principal place of business located at 555 West Adams Street, Chicago, Illinois 60661.

## FACTUAL ALLEGATIONS

9.      On January 25, 2010, Plaintiffs executed a mortgage in favor of JPMorgan Chase Bank, N.A. ("Chase") to secure a promissory note in the amount of $276,000.00.

10.     On April 17, 2014, a bankruptcy case concerning Plaintiffs was filed under Chapter 13 of the United States Bankruptcy Code. *See* Exhibit A, a true and correct copy of the Notice

of Chapter 13 Bankruptcy Case, Meeting of Creditors and Deadlines and Certificate of Notice.

11. The schedules filed by Plaintiffs listed Chase on Schedule D – Creditors Holding Secured Claims. The plan filed by Plaintiffs specified Plaintiffs' intention to surrender the subject property to Chase in full satisfaction of its secured claim. *See* Exhibit B, a true and correct copy of the Amended Chapter 13 Plan and Certificate of Notice.

12. On June 9, 2015, Plaintiffs were granted a discharge under section 1328(a) of the United States Bankruptcy Code. *See* Exhibit C, a true and correct copy of the Order of Discharge and Certificate of Notice. The discharge prohibited any attempt to collect from Plaintiffs a debt that has been discharged.

13. On June 22, 2016, Bayview sent Plaintiffs a Debt Validation Letter, which provided, in pertinent part: "Bayview Loan Servicing, LLC is seeking to bring your mortgage account current. *** As of 6/21/2016, our records show that you owe $286,799.33." *See* Exhibit D, a true and correct copy of the June 22, 2016 Debt Validation Letter.

14. On June 30, 2016, Bayview sent Plaintiffs a Transfer of Service Notice, which provided, in pertinent part: "Your loan was being serviced by JPMorgan Chase Bank, N.A., and was transferred to us. On 6/16/2016 Bayview became your new loan servicer." *See* Exhibit E, a true and correct copy of the June 30, 2016 Transfer of Service Notice.

15. On July 10, 2016, Plaintiffs notified Bayview in writing – within thirty (30) days after receipt of Bayview's Debt Validation Letter – that the debt is disputed by virtue of the bankruptcy discharge. *See* Exhibit F, a true and correct copy of the July 10, 2016 dispute letter.

16. On July 22, 2016, Bayview sent Plaintiffs a written correspondence, which provided, in pertinent part: "After a review of the above referenced account, our records indicate this debt was discharged in a chapter 13 Bankruptcy and the property was surrendered." *See* Exhibit G, a true and correct copy of the July 22, 2016 written correspondence.

**BAYVIEW'S DEROGATORY AND INACCURATE CREDIT REPORTING**

17. On September 19, 2016, Plaintiffs obtained their credit reports from Equifax, Experian and TransUnion, and discovered that Bayview was reporting derogatory and inaccurate information and statements regarding Plaintiffs' mortgage loan.

18. On October 4, 2016, Plaintiffs mailed Equifax, Experian and TransUnion a notice of dispute – attaching the Order of Discharge. *See* Group Exhibit H, a true and correct copy of the October 4, 2016 notices of dispute.

19. Upon information and belief, Bayview received the October 4, 2016 notice of dispute (and all relevant information) from Equifax, Experian and TransUnion within five (5) days of Equifax, Experian and TransUnion receiving the October 4, 2016 notices of dispute.

20. On October 15, 2016, Equifax mailed Plaintiff, Cheryl A. Wilcox Long the results of their reinvestigation request, which provided, in pertinent part:

| Bayview Loan Servicing | 4425 Ponce De Leon Blvd 5T Coral Gables FL 33146-1837 : (800) 457-5105 | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Account Number | | Date Opened | High Credit | Credit Limit | Terms Duration | Terms Frequency | | Months Revd | Activity Designator | | | Creditor Classification | |
| 628000135* | | 01/21/2010 | $276,000 | $0 | 30Y | Monthly | | 2 | | | | | |
| Items As. of Date Reported | Balance Amount | Amount Past Due | Date of Last Payment | Actual Payment Amount | | Scheduled Payment Amount | Date of 1st Delinquency | Date of Last Activity | Date Maj. Del. 1st Rptd | Charge Off Amount | Deferred Pay Start Date | Balloon Pay Amount | Balloon Pay Date | Date Closed |
| 10/15/2016 | $299,757 | $52,219 | | $0 | | $1,657 | 03/2014 | | | $0 | | $0 | |
| Status - Over 120 Days Past Due; Type of Account - Mortgage; Type of Loan - Conventional Re Mortgage; Whose Account - Joint Account; ADDITIONAL INFORMATION - Foreclosure Process Started; Real Estate Mortgage; Conventional Mortgage; Fixed Rate; | | | | | | | | | | | | | | |
| Account History with Status Codes | 09/2016 6 | | | | | | | | | | | | | |

21. On October 17, 2016, Experian mailed Plaintiff, Michael G. Long their Dispute Results, which provided, in pertinent part:

| BAYVIEW FINANCIAL LOAN | Date opened | Type | Credit limit or | Recent balance | Responsibility |
|---|---|---|---|---|---|
| 4425 PONCE DE LEON BLVD | Jan 2010 | Mortgage | original amount | $239,757 as of Oct | Individual with |
| CORAL GABLES FL 33146 | First reported | Terms | $276,000 | 2016 | CHERYL LONG |
| Phone number | Sep 2016 | Not reported | High balance | | Status |
| (800) 457 5105 | Date of status | Monthly | Not reported | | Foreclosure proceedings started. $62,220 past due as of Oct |
| Partial account number | Oct 2016 | payment | | | 2016. |
| 628000135... | | $1,657 | | | This account is scheduled to continue on record until Dec |
| Address identification number | | | | | 2020. |
| 0128770915 | | | | | Comment: |
| Freddie Mac ID | | | | | Foreclosure proceedings started. |
| 581119495 | | | | | This item was updated from our processing of your dispute in |
| | | | | | Oct 2016. |

22.     On October 18, 2016, TransUnion mailed Plaintiff, Cheryl A. Wilcox Long their Investigation Results, which provided, in pertinent part:

**BAYVIEW LOAN SERVICING** #628000135**** ( 4425 PONCE DE LEON, 5TH FLOOR, CORAL GABLES, FL 33146, (800) 457-5105 )

| Date Opened: | 01/21/2010 | Balance: | $239,757 | Pay Status: | >Account 120 Days Past Due Date< |
|---|---|---|---|---|---|
| Responsibility: | Joint Account | Date Updated: | 10/17/2016 | Terms: | $1,657 per month, paid Monthly for |
| Account Type: | Mortgage Account | High Balance: | $276,000 | | 360 months |
| Loan Type: | CONVENTIONAL REAL ESTATE MTG | Past Due: | >$62,220< | | >Maximum Delinquency of 120 days in 09/2016 |
| | | | | | and in 10/2016 for $62,220< |

Mortgage Info: Freddie Mac Acct #581119495
Remarks: >FORECLOSURE INITIATED<
Estimated month and year that this item will be removed: 02/2021

| | 09/2016 | 08/2016 | 07/2016 |
|---|---|---|---|
| Rating | 120 | X | X |

23.     On October 18, 2016, TransUnion mailed Plaintiff, Michael G. Long their Investigation Results, which provided, in pertinent part:

**BAYVIEW LOAN SERVICING** #628000135**** ( 4425 PONCE DE LEON, 5TH FLOOR, CORAL GABLES, FL 33146, (800) 457-5105 )

| Date Opened: | 01/21/2010 | Balance: | $239,757 | Pay Status: | >Account 120 Days Past Due Date< |
|---|---|---|---|---|---|
| Responsibility: | Joint Account | Date Updated: | 10/17/2016 | Terms: | $1,657 per month, paid Monthly for |
| Account Type: | Mortgage Account | High Balance: | $276,000 | | 360 months |
| Loan Type: | CONVENTIONAL REAL ESTATE MTG | Past Due: | >$62,220< | | >Maximum Delinquency of 120 days in 09/2016 |
| | | | | | and in 10/2016 for $62,220< |

Mortgage Info: Freddie Mac Acct #581119495
Remarks: >FORECLOSURE INITIATED<
Estimated month and year that this item will be removed: 02/2021

| | 09/2016 | 08/2016 | 07/2016 |
|---|---|---|---|
| Rating | 120 | X | X |

24.     Notwithstanding Plaintiffs' notice(s) of dispute, Bayview continued to report derogatory and inaccurate information and statements regarding Plaintiffs' mortgage loan.

25.     Notwithstanding Plaintiffs' notice(s) of dispute Equifax, Experian and TransUnion continued to disseminate derogatory and inaccurate information.

**BAYVIEW'S POST-DISCHARGE ATTEMPTS
TO COLLECT ON PLAINTIFFS' MORTGAGE LOAN**

26.     On June 21, 2016, Bayview sent Plaintiffs a Mortgage Statement, with a payment coupon attached, which provided that the "Regular Monthly Payment" was $1,958.31, the "Total

Amount Due" was $56,344.73, and the "Date Due" was 07/01/16. *See* Exhibit I, a true and correct copy of the June 21, 2016 Mortgage Statement.

27. On July 17, 2016, Bayview sent Plaintiffs a Mortgage Statement, with a payment coupon attached, which provided that the "Regular Monthly Payment" was $1,958.31, the "Total Amount Due" was $58,303.04, and the "Date Due" was 08/01/16. *See* Exhibit J, a true and correct copy of the July 17, 2016 Mortgage Statement.

28. On August 16, 2016, Bayview sent Plaintiffs a Mortgage Statement, with a payment coupon attached, which provided that the "Regular Monthly Payment" was $1,958.31, the "Total Amount Due" was $60,261.35, and the "Date Due" was 09/01/16. *See* Exhibit K, a true and correct copy of the August 16, 2016 Mortgage Statement.

29. On September 16, 2016, Bayview sent Plaintiffs a Mortgage Statement, with a payment coupon attached, which provided that the "Regular Monthly Payment" was $1,958.31, the "Total Amount Due" was $65,789.66, and the "Date Due" was 10/01/16. *See* Exhibit L, a true and correct copy of the September 16, 2016 Mortgage Statement.

30. On October 16, 2016, Bayview sent Plaintiffs a Mortgage Statement, with a payment coupon attached, which provided that the "Regular Monthly Payment" was $1,958.31, the "Total Amount Due" was $67,760.47, and the "Date Due" was 11/01/16. *See* Exhibit M, a true and correct copy of the October 16, 2016 Mortgage Statement.

## DAMAGES

31. Bayview, Equifax, Experian and TransUnion's acts and omissions had a detrimental effect on Plaintiffs' character, credit standing, credit worthiness and general reputation and was the proximate causation of Plaintiffs' economic damages (e.g. inconvenience, postage, time) and emotional distress (e.g., aggravation, confusion, frustration and humiliation).

**COUNT I – BAYVIEW'S VIOLATION OF 15 U.S.C. § 1681s-2(b)(1)(A)**

32.     All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

33.     Plaintiffs are "consumers" as defined by 15 U.S.C. § 1681a(c).

34.     Bayview is a "person" as defined by 15 U.S.C. § 1681a(b).

35.     Bayview is a "financial institution" as defined by 15 U.S.C. § 1681a(t).

36.     Bayview is a "furnisher of information" as defined by 15 U.S.C. § 1681s-2.

37.     Bayview violated 15 U.S.C. § 1681s-2(b)(1)(A) by failing to conduct an investigation with respect to Plaintiffs' notice(s) of dispute.

38.     Had Bayview conducted a reasonable investigation to determine whether the disputed information was inaccurate, Bayview would have discovered Plaintiffs' June 9, 2015 Order of Discharge, and promptly modified those items of information, deleted those items of information or permanently blocked the reporting of those items of information.

39.     Plaintiffs may enforce the provisions of 15 U.S.C. § 1681s-2(b)(1)(A) pursuant to section n of the Fair Credit Reporting Act (15 U.S.C. § 1681n) which provides "any person who willfully fails to comply with any requirement imposed under [the Fair Credit Reporting Act] with respect to any consumer is liable to that consumer in an amount equal to the sum of -

        (1)

                (A)     any actual damages sustained by the consumer as a result of the failure or damages of not less than $100 and not more than $1,000.

         (2)     such amount of punitive damages as the court may allow; and

(3)     in the case of any successful action to enforce any liability under this section, the costs of the action together with reasonable attorney's fees as determined by the court.

40.     Plaintiffs may enforce the provisions of 15 U.S.C. § 1681s-2(b)(1)(A) pursuant to section o of the Fair Credit Reporting Act (15 U.S.C. § 1681o) which provides "any person who is negligent in failing to comply with any requirement imposed under [the Fair Credit Reporting Act] with respect to any consumer is liable to that consumer in an amount equal to the sum of -

(1)     any actual damages sustained by the consumer as a result of the failure; and

(2)     in the case of any successful action to enforce any liability under this section, the costs of the action together with reasonable attorney's fees as determined by the court.

WHEREFORE, Plaintiffs requests the following relief:

a.     actual, punitive and statutory damages, and costs of this action including expenses together with attorneys' fees as determined by this Court;

b.     deletion or modification of adverse credit reporting with respect to Plaintiffs' mortgage loan; and

c.     any other relief deemed appropriate and equitable.

## COUNT II – BAYVIEW'S  VIOLATION OF 15 U.S.C. § 1681s-2(b)(1)(A)

41.     All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

42.     Bayview violated 15 U.S.C. § 1681s-2(b)(1)(B) by failing to review all relevant information provided by Equifax with respect to Plaintiffs' notice of dispute.

43. Had Bayview reviewed all relevant information provided by Equifax to determine whether the disputed information was inaccurate, Bayview would have discovered (1) Plaintiffs' June 9, 2015 Order of Discharge, and promptly modified those items of information, deleted those items of information or permanently blocked the reporting of those items of information.

44. Plaintiffs may enforce the provisions of 15 U.S.C. § 1681s-2(b)(1)(B) pursuant to section n of the Fair Credit Reporting Act (15 U.S.C. § 1681n) which provides "any person who willfully fails to comply with any requirement imposed under [the Fair Credit Reporting Act] with respect to any consumer is liable to that consumer in an amount equal to the sum of –

(1)

      (A)   any actual damages sustained by the consumer as a result of the failure or damages of not less than $100 and not more than $1,000.

(2)   such amount of punitive damages as the court may allow; and

(3)   in the case of any successful action to enforce any liability under this section, the costs of the action together with reasonable attorney's fees as determined by the court.

45. Plaintiffs may enforce the provisions of 15 U.S.C. § 1681s-2(b)(1)(B) pursuant to section o of the Fair Credit Reporting Act (15 U.S.C. § 1681o) which provides "any person who is negligent in failing to comply with any requirement imposed under [the Fair Credit Reporting Act] with respect to any consumer is liable to that consumer in an amount equal to the sum of -

(1)   any actual damages sustained by the consumer as a result of the failure; and

(2)     in the case of any successful action to enforce any liability under this section, the costs of the action together with reasonable attorney's fees as determined by the court.

WHEREFORE, Plaintiffs requests the following relief:

a.     actual, punitive and statutory damages, and costs of this action including expenses together with attorneys' fees as determined by this Court;

b.     deletion or modification of adverse credit reporting with respect to Plaintiffs' mortgage loan; and

c.     any other relief deemed appropriate and equitable.

## COUNT III – BAYVIEW'S VIOLATION OF 15 U.S.C. § 1681s-2(b)(1)(C)

46.    All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

47.    Bayview violated 15 U.S.C. § 1681s-2(b)(1)(C) by failing to report the results of the investigation to Equifax with respect to Plaintiffs' notice of dispute.

48.    Plaintiffs may enforce the provisions of 15 U.S.C. § 1681s-2(b)(1)(C) pursuant to section n of the Fair Credit Reporting Act (15 U.S.C. § 1681n) which provides "any person who willfully fails to comply with any requirement imposed under [the Fair Credit Reporting Act] with respect to any consumer is liable to that consumer in an amount equal to the sum of -

(1)

(A)    any actual damages sustained by the consumer as a result of the failure or damages of not less than $100 and not more than $1,000.

(2)    such amount of punitive damages as the court may allow; and

(3)     in the case of any successful action to enforce any liability under this section, the costs of the action together with reasonable attorney's fees as determined by the court.

49.    Plaintiffs may enforce the provisions of 15 U.S.C. § 1681s-2(b)(1)(C) pursuant to section o of the Fair Credit Reporting Act (15 U.S.C. § 1681o) which provides "any person who is negligent in failing to comply with any requirement imposed under [the Fair Credit Reporting Act] with respect to any consumer is liable to that consumer in an amount equal to the sum of -

(1)     any actual damages sustained by the consumer as a result of the failure; and

(2)     in the case of any successful action to enforce any liability under this section, the costs of the action together with reasonable attorney's fees as determined by the court.

WHEREFORE, Plaintiffs requests the following relief:

a.     actual, punitive and statutory damages, and costs of this action including expenses together with attorneys' fees as determined by this Court;

b.     deletion or modification of adverse credit reporting with respect to Plaintiffs' mortgage loan; and

c.     any other relief deemed appropriate and equitable.

### COUNT IV – BAYVIEW'S VIOLATION OF 15 U.S.C. § 1681s-2(b)(1)(E)

50.    All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

51.    Bayview violated 15 U.S.C. § 1681s-2(b)(1)(E) by failing to promptly modify those items of information; delete those items of information; or permanently block the reporting of those items of information subject to Plaintiffs' notice of dispute.

52.    Plaintiffs may enforce the provisions of 15 U.S.C. § 1681s-2(b)(1)(E) pursuant to section n of the Fair Credit Reporting Act (15 U.S.C. § 1681n) which provides "any person who willfully fails to comply with any requirement imposed under [the Fair Credit Reporting Act] with respect to any consumer is liable to that consumer in an amount equal to the sum of -

(1)

(A)    any actual damages sustained by the consumer as a result of the failure or damages of not less than $100 and not more than $1,000.

(2)    such amount of punitive damages as the court may allow; and

(3)    in the case of any successful action to enforce any liability under this section, the costs of the action together with reasonable attorney's fees as determined by the court.

53.    Plaintiffs may enforce the provisions of 15 U.S.C. § 1681s-2(b)(1)(E) pursuant to section o of the Fair Credit Reporting Act (15 U.S.C. § 1681o) which provides "any person who is negligent in failing to comply with any requirement imposed under [the Fair Credit Reporting Act] with respect to any consumer is liable to that consumer in an amount equal to the sum of –

(1)    any actual damages sustained by the consumer as a result of the failure; and

(2)    in the case of any successful action to enforce any liability under this section, the costs of the action together with reasonable attorney's fees as determined by the court.

WHEREFORE, Plaintiffs requests the following relief:

a.    actual, punitive and statutory damages, and costs of this action including expenses together with attorneys' fees as determined by this Court;

b.    deletion or modification of adverse credit reporting with respect to Plaintiffs' mortgage loan; and

c.    any other relief deemed appropriate and equitable.

### COUNT V – EQUIFAX'S VIOLATION OF 15 U.S.C. § 1681e(b)

54.    All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

55.    Plaintiffs is a "consumer" as defined by 15 U.S.C. § 1681a(c).

56.    Equifax is a "consumer reporting agency" as defined by 15 U.S.C. § 1681a(f).

57.    Equifax is a "consumer reporting agency that compiles and maintains files on consumers on a nationwide basis" as defined by 15 U.S.C. § 1681a(p).

58.    Equifax violated 15 U.S.C. § 1681e(b) by failing to follow reasonable procedures to assure maximum possible accuracy of the information concerning Plaintiffs.

59.    Plaintiffs may enforce the provisions of 15 U.S.C. § 1681e(b) pursuant to section n of the Fair Credit Reporting Act (15 U.S.C. § 1681n) which provides "any person who willfully fails to comply with any requirement imposed under [the Fair Credit Reporting Act] with respect to any consumer is liable to that consumer in an amount equal to the sum of -

(1)

(A)     any actual damages sustained by the consumer as a result of the failure or damages of not less than $100 and not more than $1,000.

(2)     such amount of punitive damages as the court may allow; and

(3)     in the case of any successful action to enforce any liability under this section, the costs of the action together with reasonable attorney's fees as determined by the court.

60.     Plaintiffs may enforce the provisions of 15 U.S.C. § 1681e(b) pursuant to section o of the Fair Credit Reporting Act (15 U.S.C. § 1681o) which provides "any person who is negligent in failing to comply with any requirement imposed under [the Fair Credit Reporting Act] with respect to any consumer is liable to that consumer in an amount equal to the sum of –

(1)     any actual damages sustained by the consumer as a result of the failure; and

(2)     in the case of any successful action to enforce any liability under this section, the costs of the action together with reasonable attorney's fees as determined by the court.

WHEREFORE, Plaintiffs requests the following relief:

a.     actual, punitive and statutory damages, and costs of this action including expenses together with attorneys' fees as determined by this Court;

b.     deletion or modification of adverse credit reporting with respect to Plaintiffs' mortgage loan; and

c.     any other relief deemed appropriate and equitable.

**COUNT VI – EQUIFAX'S VIOLATION OF 15 U.S.C. § 1681i(a)(1)(A)**

61. All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

62. Equifax violated 15 U.S.C. § 1681i(a)(1)(A) by failing to conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate and record the current status of the disputed information, or delete the item from the fil before the end of the 30-day period beginning on the date on which Equifax received the notice of dispute from Plaintiffs.

63. Had Equifax conducted a reasonable investigation to determine whether the disputed information was inaccurate, Equifax would have discovered (1) Plaintiffs' June 9, 2015 Order of Discharge, and promptly deleted those items of information from the file.

64. Plaintiffs may enforce the provisions of 15 U.S.C. § 1681i(a)(1)(A) pursuant to section n of the Fair Credit Reporting Act (15 U.S.C. § 1681n) which provides "any person who willfully fails to comply with any requirement imposed under [the Fair Credit Reporting Act] with respect to any consumer is liable to that consumer in an amount equal to the sum of –

(1)

      (A) any actual damages sustained by the consumer as a result of the failure or damages of not less than $100 and not more than $1,000.

(2) such amount of punitive damages as the court may allow; and

(3) in the case of any successful action to enforce any liability under this section, the costs of the action together with reasonable attorney's fees as determined by the court.

65.   Plaintiffs may enforce the provisions of 15 U.S.C. § 1681i(a)(1)(A) pursuant to section o

of the Fair Credit Reporting Act (15 U.S.C. § 1681o) which provides "any person who is

negligent in failing to comply with any requirement imposed under [the Fair Credit

Reporting Act] with respect to any consumer is liable to that consumer in an amount equal

to the sum of –

(1)   any actual damages sustained by the consumer as a result of the failure; and

(2)   in the case of any successful action to enforce any liability under this section, the

costs of the action together with reasonable attorney's fees as determined by the

court.

WHEREFORE, Plaintiffs requests the following relief:

a.   actual, punitive and statutory damages, and costs of this action including expenses

together with attorneys' fees as determined by this Court;

b.   deletion or modification of adverse credit reporting with respect to Plaintiffs'

mortgage loan; and

c.   any other relief deemed appropriate and equitable.

### COUNT VII – EQUIFAX'S VIOLATION OF 15 U.S.C. § 1681i(a)(2)

66.   All paragraphs of this Complaint are expressly adopted and incorporated herein as though

fully set forth herein.

67.   Equifax violated 15 U.S.C. § 1681i(a)(2) by failing to provide notification of the dispute

to Bayview before the end of the 5-day period beginning on the date on which Equifax

received the notice of dispute from Plaintiffs.

68. Had Equifax provided notification of the dispute to Bayview, Bayview would have discovered (1) Plaintiffs' June 9, 2015 Order of Discharge, and promptly deleted those items of information from the file.

69. Plaintiffs may enforce the provisions of 15 U.S.C. § 1681i(a)(2) pursuant to section n of the Fair Credit Reporting Act (15 U.S.C. § 1681n) which provides "any person who willfully fails to comply with any requirement imposed under [the Fair Credit Reporting Act] with respect to any consumer is liable to that consumer in an amount equal to the sum of -

(1)

      (A)    any actual damages sustained by the consumer as a result of the failure or damages of not less than $100 and not more than $1,000.

(2)    such amount of punitive damages as the court may allow; and

(3)    in the case of any successful action to enforce any liability under this section, the costs of the action together with reasonable attorney's fees as determined by the court.

70. Plaintiffs may enforce the provisions of 15 U.S.C. § 1681i(a)(2) pursuant to section o of the Fair Credit Reporting Act (15 U.S.C. § 1681o) which provides "any person who is negligent in failing to comply with any requirement imposed under [the Fair Credit Reporting Act] with respect to any consumer is liable to that consumer in an amount equal to the sum of –

(1)    any actual damages sustained by the consumer as a result of the failure; and

(2)     in the case of any successful action to enforce any liability under this section, the costs of the action together with reasonable attorney's fees as determined by the court.

WHEREFORE, Plaintiffs requests the following relief:

a.      actual, punitive and statutory damages, and costs of this action including expenses together with attorneys' fees as determined by this Court;

b.      deletion or modification of adverse credit reporting with respect to Plaintiffs' mortgage loan; and

c.      any other relief deemed appropriate and equitable.

## COUNT VIII – EQUIFAX'S VIOLATION OF 15 U.S.C. § 1681i(a)(4)

71.     All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

72.     Equifax violated 15 U.S.C. § 1681i(a)(4) by failing to review and consider all relevant information submitted by Plaintiffs before the end of the 30-day period beginning on the date on which Equifax received the notice of dispute from Plaintiffs.

73.     Had Equifax reviewed and considered all relevant information submitted by Plaintiffs, Equifax would have discovered (1) Plaintiffs' June 9, 2015 Order of Discharge, and promptly deleted those items of information from the file.

74.     Plaintiffs may enforce the provisions of 15 U.S.C. § 1681i(a)(4) pursuant to section n of the Fair Credit Reporting Act (15 U.S.C. § 1681n) which provides "any person who willfully fails to comply with any requirement imposed under [the Fair Credit Reporting Act] with respect to any consumer is liable to that consumer in an amount equal to the sum of –

(1)

    (A)    any actual damages sustained by the consumer as a result of the failure or damages of not less than $100 and not more than $1,000.

(2)    such amount of punitive damages as the court may allow; and

(3)    in the case of any successful action to enforce any liability under this section, the costs of the action together with reasonable attorney's fees as determined by the court.

75.    Plaintiffs may enforce the provisions of 15 U.S.C. § 1681i(a)(4) pursuant to section o of the Fair Credit Reporting Act (15 U.S.C. § 1681o) which provides "any person who is negligent in failing to comply with any requirement imposed under [the Fair Credit Reporting Act] with respect to any consumer is liable to that consumer in an amount equal to the sum of –

(1)    any actual damages sustained by the consumer as a result of the failure; and

(2)    in the case of any successful action to enforce any liability under this section, the costs of the action together with reasonable attorney's fees as determined by the court.

WHEREFORE, Plaintiffs requests the following relief:

a.    actual, punitive and statutory damages, and costs of this action including expenses together with attorneys' fees as determined by this Court;

b.    deletion or modification of adverse credit reporting with respect to Plaintiffs' mortgage loan; and

c.    any other relief deemed appropriate and equitable.

**COUNT IX– EQUIFAX'S VIOLATION OF 15 U.S.C. § 1681i(a)(5)(A)(i)**

76.     All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

77.     Equifax violated 15 U.S.C. § 1681i(a)(5)(A)(i) by failing to promptly delete those items of information from the file of Plaintiffs, or modify those items of information, as appropriate, based on the results of the reinvestigation.

78.     Plaintiffs may enforce the provisions of 15 U.S.C. § 1681i(a)(5)(A)(i) pursuant to section n of the Fair Credit Reporting Act (15 U.S.C. § 1681n) which provides "any person who willfully fails to comply with any requirement imposed under [the Fair Credit Reporting Act] with respect to any consumer is liable to that consumer in an amount equal to the sum of -

    (1)

            (A)     any actual damages sustained by the consumer as a result of the failure or damages of not less than $100 and not more than $1,000.

     (2)     such amount of punitive damages as the court may allow; and

     (3)     in the case of any successful action to enforce any liability under this section, the costs of the action together with reasonable attorney's fees as determined by the court.

79.     Plaintiffs may enforce the provisions of 15 U.S.C. § 1681i(a)(5)(A)(i) pursuant to section o of the Fair Credit Reporting Act (15 U.S.C. § 1681o) which provides "any person who is negligent in failing to comply with any requirement imposed under [the Fair Credit Reporting Act] with respect to any consumer is liable to that consumer in an amount equal to the sum of –

    (1)     any actual damages sustained by the consumer as a result of the failure; and

(2)    in the case of any successful action to enforce any liability under this section, the costs of the action together with reasonable attorney's fees as determined by the court.

WHEREFORE, Plaintiffs requests the following relief:

a.    actual, punitive and statutory damages, and costs of this action including expenses together with attorneys' fees as determined by this Court;

b.    deletion or modification of adverse credit reporting with respect to Plaintiffs' mortgage loan; and

c.    any other relief deemed appropriate and equitable.

### COUNT X – EXPERIAN'S VIOLATION OF 15 U.S.C. § 1681e(b)

80.    All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

81.    Plaintiffs is a "consumer" as defined by 15 U.S.C. § 1681a(c).

82.    Experian is a "consumer reporting agency" as defined by 15 U.S.C. § 1681a(f).

83.    Experian is a "consumer reporting agency that compiles and maintains files on consumers on a nationwide basis" as defined by 15 U.S.C. § 1681a(p).

84.    Experian violated 15 U.S.C. § 1681e(b) by failing to follow reasonable procedures to assure maximum possible accuracy of the information concerning Plaintiffs.

85.    Plaintiffs may enforce the provisions of 15 U.S.C. § 1681e(b) pursuant to section n of the Fair Credit Reporting Act (15 U.S.C. § 1681n) which provides "any person who willfully fails to comply with any requirement imposed under [the Fair Credit Reporting Act] with respect to any consumer is liable to that consumer in an amount equal to the sum of -

(1)

(A)     any actual damages sustained by the consumer as a result of the failure or

damages of not less than $100 and not more than $1,000.

(2)     such amount of punitive damages as the court may allow; and

(3)     in the case of any successful action to enforce any liability under this section, the

costs of the action together with reasonable attorney's fees as determined by the

court.

86.     Plaintiffs may enforce the provisions of 15 U.S.C. § 1681e(b) pursuant to section o of the

Fair Credit Reporting Act (15 U.S.C. § 1681o) which provides "any person who is

negligent in failing to comply with any requirement imposed under [the Fair Credit

Reporting Act] with respect to any consumer is liable to that consumer in an amount equal

to the sum of –

(1)     any actual damages sustained by the consumer as a result of the failure; and

(2)     in the case of any successful action to enforce any liability under this section, the

costs of the action together with reasonable attorney's fees as determined by the

court.

WHEREFORE, Plaintiffs requests the following relief:

a.      actual, punitive and statutory damages, and costs of this action including expenses

together with attorneys' fees as determined by this Court;

b.      deletion or modification of adverse credit reporting with respect to Plaintiffs'

mortgage loan; and

c.      any other relief deemed appropriate and equitable.

**COUNT XI – EXPERIAN'S VIOLATION OF 15 U.S.C. § 1681i(a)(1)(A)**

87.     All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

88.     Experian violated 15 U.S.C. § 1681i(a)(1)(A) by failing to conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate and record the current status of the disputed information, or delete the item from the fil before the end of the 30-day period beginning on the date on which Experian received the notice of dispute from Plaintiffs.

89.     Had Experian conducted a reasonable investigation to determine whether the disputed information was inaccurate, Experian would have discovered (1) Plaintiffs' June 9, 2015 Order of Discharge, and promptly deleted those items of information from the file.

90.     Plaintiffs may enforce the provisions of 15 U.S.C. § 1681i(a)(1)(A) pursuant to section n of the Fair Credit Reporting Act (15 U.S.C. § 1681n) which provides "any person who willfully fails to comply with any requirement imposed under [the Fair Credit Reporting Act] with respect to any consumer is liable to that consumer in an amount equal to the sum of –

(1)

      (A)     any actual damages sustained by the consumer as a result of the failure or damages of not less than $100 and not more than $1,000.

(2)     such amount of punitive damages as the court may allow; and

(3)     in the case of any successful action to enforce any liability under this section, the costs of the action together with reasonable attorney's fees as determined by the court.

91.     Plaintiffs may enforce the provisions of 15 U.S.C. § 1681i(a)(1)(A) pursuant to section o

        of the Fair Credit Reporting Act (15 U.S.C. § 1681o) which provides "any person who is

        negligent in failing to comply with any requirement imposed under [the Fair Credit

        Reporting Act] with respect to any consumer is liable to that consumer in an amount equal

        to the sum of –

        (1)     any actual damages sustained by the consumer as a result of the failure; and

        (2)     in the case of any successful action to enforce any liability under this section, the

                costs of the action together with reasonable attorney's fees as determined by the

                court.

        WHEREFORE, Plaintiffs requests the following relief:

        a.      actual, punitive and statutory damages, and costs of this action including expenses

                together with attorneys' fees as determined by this Court;

        b.      deletion or modification of adverse credit reporting with respect to Plaintiffs'

                mortgage loan; and

        c.      any other relief deemed appropriate and equitable.

### COUNT XII – EXPERIAN'S VIOLATION OF 15 U.S.C. § 1681i(a)(2)

92.     All paragraphs of this Complaint are expressly adopted and incorporated herein as though

        fully set forth herein.

93.     Experian violated 15 U.S.C. § 1681i(a)(2) by failing to provide notification of the dispute

        to Bayview before the end of the 5-day period beginning on the date on which Experian

        received the notice of dispute from Plaintiffs.

94.     Had Experian provided notification of the dispute to Bayview, Bayview would have discovered (1) Plaintiffs' June 9, 2015 Order of Discharge, and promptly deleted those items of information from the file.

95.     Plaintiffs may enforce the provisions of 15 U.S.C. § 1681i(a)(2) pursuant to section n of the Fair Credit Reporting Act (15 U.S.C. § 1681n) which provides "any person who willfully fails to comply with any requirement imposed under [the Fair Credit Reporting Act] with respect to any consumer is liable to that consumer in an amount equal to the sum of -

(1)

(A)     any actual damages sustained by the consumer as a result of the failure or damages of not less than $100 and not more than $1,000.

(2)     such amount of punitive damages as the court may allow; and

(3)     in the case of any successful action to enforce any liability under this section, the costs of the action together with reasonable attorney's fees as determined by the court.

96.     Plaintiffs may enforce the provisions of 15 U.S.C. § 1681i(a)(2) pursuant to section o of the Fair Credit Reporting Act (15 U.S.C. § 1681o) which provides "any person who is negligent in failing to comply with any requirement imposed under [the Fair Credit Reporting Act] with respect to any consumer is liable to that consumer in an amount equal to the sum of –

(1)     any actual damages sustained by the consumer as a result of the failure; and

(2)    in the case of any successful action to enforce any liability under this section, the costs of the action together with reasonable attorney's fees as determined by the court.

WHEREFORE, Plaintiffs requests the following relief:

a.    actual, punitive and statutory damages, and costs of this action including expenses together with attorneys' fees as determined by this Court;

b.    deletion or modification of adverse credit reporting with respect to Plaintiffs' mortgage loan; and

c.    any other relief deemed appropriate and equitable.

## COUNT XIII – EXPERIAN'S VIOLATION OF 15 U.S.C. § 1681i(a)(4)

97.    All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

98.    Experian violated 15 U.S.C. § 1681i(a)(4) by failing to review and consider all relevant information submitted by Plaintiffs before the end of the 30-day period beginning on the date on which Experian received the notice of dispute from Plaintiffs.

99.    Had Experian reviewed and considered all relevant information submitted by Plaintiffs, Experian would have discovered (1) Plaintiffs' June 9, 2015 Order of Discharge, and promptly deleted those items of information from the file.

100.    Plaintiffs may enforce the provisions of 15 U.S.C. § 1681i(a)(4) pursuant to section n of the Fair Credit Reporting Act (15 U.S.C. § 1681n) which provides "any person who willfully fails to comply with any requirement imposed under [the Fair Credit Reporting Act] with respect to any consumer is liable to that consumer in an amount equal to the sum of –

(1)

    (A)    any actual damages sustained by the consumer as a result of the failure or damages of not less than $100 and not more than $1,000.

(2)    such amount of punitive damages as the court may allow; and

(3)    in the case of any successful action to enforce any liability under this section, the costs of the action together with reasonable attorney's fees as determined by the court.

101.    Plaintiffs may enforce the provisions of 15 U.S.C. § 1681i(a)(4) pursuant to section o of the Fair Credit Reporting Act (15 U.S.C. § 1681o) which provides "any person who is negligent in failing to comply with any requirement imposed under [the Fair Credit Reporting Act] with respect to any consumer is liable to that consumer in an amount equal to the sum of –

(1)    any actual damages sustained by the consumer as a result of the failure; and

(2)    in the case of any successful action to enforce any liability under this section, the costs of the action together with reasonable attorney's fees as determined by the court.

WHEREFORE, Plaintiffs requests the following relief:

a.    actual, punitive and statutory damages, and costs of this action including expenses together with attorneys' fees as determined by this Court;

b.    deletion or modification of adverse credit reporting with respect to Plaintiffs' mortgage loan; and

c.    any other relief deemed appropriate and equitable.

**COUNT IXV– EXPERIAN'S VIOLATION OF 15 U.S.C. § 1681i(a)(5)(A)(i)**

102.    All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

103.    Experian violated 15 U.S.C. § 1681i(a)(5)(A)(i) by failing to promptly delete those items of information from the file of Plaintiffs, or modify those items of information, as appropriate, based on the results of the reinvestigation.

104.    Plaintiffs may enforce the provisions of 15 U.S.C. § 1681i(a)(5)(A)(i) pursuant to section n of the Fair Credit Reporting Act (15 U.S.C. § 1681n) which provides "any person who willfully fails to comply with any requirement imposed under [the Fair Credit Reporting Act] with respect to any consumer is liable to that consumer in an amount equal to the sum of -

(1)

        (A)    any actual damages sustained by the consumer as a result of the failure or damages of not less than $100 and not more than $1,000.

 (2)    such amount of punitive damages as the court may allow; and

 (3)    in the case of any successful action to enforce any liability under this section, the costs of the action together with reasonable attorney's fees as determined by the court.

105.    Plaintiffs may enforce the provisions of 15 U.S.C. § 1681i(a)(5)(A)(i) pursuant to section o of the Fair Credit Reporting Act (15 U.S.C. § 1681o) which provides "any person who is negligent in failing to comply with any requirement imposed under [the Fair Credit Reporting Act] with respect to any consumer is liable to that consumer in an amount equal to the sum of –

(1)    any actual damages sustained by the consumer as a result of the failure; and

(2)      in the case of any successful action to enforce any liability under this section, the costs of the action together with reasonable attorney's fees as determined by the court.

WHEREFORE, Plaintiffs requests the following relief:

a.      actual, punitive and statutory damages, and costs of this action including expenses together with attorneys' fees as determined by this Court;

b.      deletion or modification of adverse credit reporting with respect to Plaintiffs' mortgage loan; and

c.      any other relief deemed appropriate and equitable.

### COUNT XV – EQUIFAX'S VIOLATION OF 15 U.S.C. § 1681e(b)

106.    All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

107.    Plaintiffs is a "consumer" as defined by 15 U.S.C. § 1681a(c).

108.    TransUnion is a "consumer reporting agency" as defined by 15 U.S.C. § 1681a(f).

109.    TransUnion is a "consumer reporting agency that compiles and maintains files on consumers on a nationwide basis" as defined by 15 U.S.C. § 1681a(p).

110.    TransUnion violated 15 U.S.C. § 1681e(b) by failing to follow reasonable procedures to assure maximum possible accuracy of the information concerning Plaintiffs.

111.    Plaintiffs may enforce the provisions of 15 U.S.C. § 1681e(b) pursuant to section n of the Fair Credit Reporting Act (15 U.S.C. § 1681n) which provides "any person who willfully fails to comply with any requirement imposed under [the Fair Credit Reporting Act] with respect to any consumer is liable to that consumer in an amount equal to the sum of -

(1)

(A)     any actual damages sustained by the consumer as a result of the failure or damages of not less than $100 and not more than $1,000.

(2)     such amount of punitive damages as the court may allow; and

(3)     in the case of any successful action to enforce any liability under this section, the costs of the action together with reasonable attorney's fees as determined by the court.

112.     Plaintiffs may enforce the provisions of 15 U.S.C. § 1681e(b) pursuant to section o of the Fair Credit Reporting Act (15 U.S.C. § 1681o) which provides "any person who is negligent in failing to comply with any requirement imposed under [the Fair Credit Reporting Act] with respect to any consumer is liable to that consumer in an amount equal to the sum of –

(1)     any actual damages sustained by the consumer as a result of the failure; and

(2)     in the case of any successful action to enforce any liability under this section, the costs of the action together with reasonable attorney's fees as determined by the court.

WHEREFORE, Plaintiffs requests the following relief:

a.     actual, punitive and statutory damages, and costs of this action including expenses together with attorneys' fees as determined by this Court;

b.     deletion or modification of adverse credit reporting with respect to Plaintiffs' mortgage loan; and

c.     any other relief deemed appropriate and equitable.

**COUNT XVI – TRANSUNION'S VIOLATION OF 15 U.S.C. § 1681i(a)(1)(A)**

113.   All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

114.   TransUnion violated 15 U.S.C. § 1681i(a)(1)(A) by failing to conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate and record the current status of the disputed information, or delete the item from the fil before the end of the 30-day period beginning on the date on which TransUnion received the notice of dispute from Plaintiffs.

115.   Had TransUnion conducted a reasonable investigation to determine whether the disputed information was inaccurate, TransUnion would have discovered (1) Plaintiffs' June 9, 2015 Order of Discharge, and promptly deleted those items of information from the file.

116.   Plaintiffs may enforce the provisions of 15 U.S.C. § 1681i(a)(1)(A) pursuant to section n of the Fair Credit Reporting Act (15 U.S.C. § 1681n) which provides "any person who willfully fails to comply with any requirement imposed under [the Fair Credit Reporting Act] with respect to any consumer is liable to that consumer in an amount equal to the sum of –

   (1)

         (A)   any actual damages sustained by the consumer as a result of the failure or damages of not less than $100 and not more than $1,000.

   (2)   such amount of punitive damages as the court may allow; and

   (3)   in the case of any successful action to enforce any liability under this section, the costs of the action together with reasonable attorney's fees as determined by the court.

117. Plaintiffs may enforce the provisions of 15 U.S.C. § 1681i(a)(1)(A) pursuant to section o of the Fair Credit Reporting Act (15 U.S.C. § 1681o) which provides "any person who is negligent in failing to comply with any requirement imposed under [the Fair Credit Reporting Act] with respect to any consumer is liable to that consumer in an amount equal to the sum of –

(1) any actual damages sustained by the consumer as a result of the failure; and

(2) in the case of any successful action to enforce any liability under this section, the costs of the action together with reasonable attorney's fees as determined by the court.

WHEREFORE, Plaintiffs requests the following relief:

a. actual, punitive and statutory damages, and costs of this action including expenses together with attorneys' fees as determined by this Court;

b. deletion or modification of adverse credit reporting with respect to Plaintiffs' mortgage loan; and

c. any other relief deemed appropriate and equitable.

### COUNT XVII – TRANSUNION'S VIOLATION OF 15 U.S.C. § 1681i(a)(2)

118. All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

119. TransUnion violated 15 U.S.C. § 1681i(a)(2) by failing to provide notification of the dispute to Bayview before the end of the 5-day period beginning on the date on which TransUnion received the notice of dispute from Plaintiffs.

120.    Had TransUnion provided notification of the dispute to Bayview, Bayview would have discovered (1) Plaintiffs' June 9, 2015 Order of Discharge, and promptly deleted those items of information from the file.

121.    Plaintiffs may enforce the provisions of 15 U.S.C. § 1681i(a)(2) pursuant to section n of the Fair Credit Reporting Act (15 U.S.C. § 1681n) which provides "any person who willfully fails to comply with any requirement imposed under [the Fair Credit Reporting Act] with respect to any consumer is liable to that consumer in an amount equal to the sum of -

(1)

         (A)    any actual damages sustained by the consumer as a result of the failure or damages of not less than $100 and not more than $1,000.

  (2)    such amount of punitive damages as the court may allow; and

  (3)    in the case of any successful action to enforce any liability under this section, the costs of the action together with reasonable attorney's fees as determined by the court.

122.    Plaintiffs may enforce the provisions of 15 U.S.C. § 1681i(a)(2) pursuant to section o of the Fair Credit Reporting Act (15 U.S.C. § 1681o) which provides "any person who is negligent in failing to comply with any requirement imposed under [the Fair Credit Reporting Act] with respect to any consumer is liable to that consumer in an amount equal to the sum of –

(1)    any actual damages sustained by the consumer as a result of the failure; and

(2)     in the case of any successful action to enforce any liability under this section, the costs of the action together with reasonable attorney's fees as determined by the court.

WHEREFORE, Plaintiffs requests the following relief:

a.     actual, punitive and statutory damages, and costs of this action including expenses together with attorneys' fees as determined by this Court;

b.     deletion or modification of adverse credit reporting with respect to Plaintiffs' mortgage loan; and

c.     any other relief deemed appropriate and equitable.

## COUNT XVIII – TRANSUNION'S VIOLATION OF 15 U.S.C. § 1681i(a)(4)

123.   All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

124.   TransUnion violated 15 U.S.C. § 1681i(a)(4) by failing to review and consider all relevant information submitted by Plaintiffs before the end of the 30-day period beginning on the date on which TransUnion received the notice of dispute from Plaintiffs.

125.   Had TransUnion reviewed and considered all relevant information submitted by Plaintiffs, TransUnion would have discovered (1) Plaintiffs' June 9, 2015 Order of Discharge, and promptly deleted those items of information from the file.

126.   Plaintiffs may enforce the provisions of 15 U.S.C. § 1681i(a)(4) pursuant to section n of the Fair Credit Reporting Act (15 U.S.C. § 1681n) which provides "any person who willfully fails to comply with any requirement imposed under [the Fair Credit Reporting Act] with respect to any consumer is liable to that consumer in an amount equal to the sum of –

(1)

    (A)    any actual damages sustained by the consumer as a result of the failure or damages of not less than $100 and not more than $1,000.

(2)    such amount of punitive damages as the court may allow; and

(3)    in the case of any successful action to enforce any liability under this section, the costs of the action together with reasonable attorney's fees as determined by the court.

127.    Plaintiffs may enforce the provisions of 15 U.S.C. § 1681i(a)(4) pursuant to section o of the Fair Credit Reporting Act (15 U.S.C. § 1681o) which provides "any person who is negligent in failing to comply with any requirement imposed under [the Fair Credit Reporting Act] with respect to any consumer is liable to that consumer in an amount equal to the sum of –

(1)    any actual damages sustained by the consumer as a result of the failure; and

(2)    in the case of any successful action to enforce any liability under this section, the costs of the action together with reasonable attorney's fees as determined by the court.

WHEREFORE, Plaintiffs requests the following relief:

a.    actual, punitive and statutory damages, and costs of this action including expenses together with attorneys' fees as determined by this Court;

b.    deletion or modification of adverse credit reporting with respect to Plaintiffs' mortgage loan; and

c.    any other relief deemed appropriate and equitable.

**COUNT XIX– TRANSUNION'S VIOLATION OF 15 U.S.C. § 1681i(a)(5)(A)(i)**

128.   All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

129.   TransUnion violated 15 U.S.C. § 1681i(a)(5)(A)(i) by failing to promptly delete those items of information from the file of Plaintiffs, or modify those items of information, as appropriate, based on the results of the reinvestigation.

130.   Plaintiffs may enforce the provisions of 15 U.S.C. § 1681i(a)(5)(A)(i) pursuant to section n of the Fair Credit Reporting Act (15 U.S.C. § 1681n) which provides "any person who willfully fails to comply with any requirement imposed under [the Fair Credit Reporting Act] with respect to any consumer is liable to that consumer in an amount equal to the sum of -

(1)

    (A)   any actual damages sustained by the consumer as a result of the failure or damages of not less than $100 and not more than $1,000.

  (2)   such amount of punitive damages as the court may allow; and

  (3)   in the case of any successful action to enforce any liability under this section, the costs of the action together with reasonable attorney's fees as determined by the court.

131.   Plaintiffs may enforce the provisions of 15 U.S.C. § 1681i(a)(5)(A)(i) pursuant to section o of the Fair Credit Reporting Act (15 U.S.C. § 1681o) which provides "any person who is negligent in failing to comply with any requirement imposed under [the Fair Credit Reporting Act] with respect to any consumer is liable to that consumer in an amount equal to the sum of –

(1)   any actual damages sustained by the consumer as a result of the failure; and

(2)      in the case of any successful action to enforce any liability under this section, the costs of the action together with reasonable attorney's fees as determined by the court.

WHEREFORE, Plaintiffs requests the following relief:

a.      actual, punitive and statutory damages, and costs of this action including expenses together with attorneys' fees as determined by this Court;

b.      deletion or modification of adverse credit reporting with respect to Plaintiffs' mortgage loan; and

c.      any other relief deemed appropriate and equitable.

### COUNT XX – BAYVIEW'S VIOLATION(S) OF 15 U.S.C. § 1692e(2)

132.    All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

133.    Plaintiffs are "consumers" as defined by 15 U.S.C. § 1692a(3).

134.    The mortgage loan is a "debt" as defined by 15 U.S.C. § 1692a(5).

135.    Bayview is a "debt collector as defined by 15 U.S.C. § 1692a(6).

136.    Bayview is attempting to collect a debt used for "household purpose" as defined by 15 U.S.C. § 1692a(5).

137.    Section 524(a)(2) of the United States Bankruptcy Code provides:

(a)      A discharge in a case under this title –

(2)      operates as an injunction against the commencement or continuation of an action, the employment of process, or an act, to collect, recover or offset any such debt as a personal liability of the debtor, whether or not discharge of such debt is waived.

138.    Bayview violated 15 U.S.C. § 1692e(2) by falsely representing the character, amount or legal status of Plaintiffs' mortgage loan - the collection of which was not permitted by law

at the time Bayview demanded payment, by virtue of the section 524(a)(2) of the United States Bankruptcy Code.

139. Plaintiffs may enforce the provisions of 15 U.S.C. § 1692e(2) pursuant to section k of the Fair Debt Collection Practices Act (15 U.S.C. § 1692k) which provides "any debt collector who fails to comply with any provision of [the Fair Debt Collection Practices Act] with respect to any person is liable to such person in an amount equal to the sum of -

(1)     any actual damage sustained by such person as a result of such failure;

(2)

    (A)     in the case of any action by an individual, such additional damages
            as the court may allow, but not exceeding $1,000.00; or

(3)     in the case of any successful action to enforce the foregoing liability, the
        costs of the action, together with reasonable attorney's fees as determined
        by the court.

WHEREFORE, Plaintiffs request the following relief:

a.      find that Bayview violated 15 U.S.C. § 1692e(2);

b.      award actual, and statutory damages, and costs of this action including expenses
        together with attorneys' fees as determined by this Court; and

c.      grant any other relief deemed appropriate and equitable.

## COUNT XXI – VIOLATION(S) OF 15 U.S.C. § 1692e(8)

140. All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

141. Bayview violated 15 U.S.C. § 1692e(8) by communicating to Equifax, Experian, and TransUnion credit information which is known or which should be known to be false as a result of Plaintiffs' June 9, 2015 Order of Discharge.

142.    Plaintiffs may enforce the provisions of 15 U.S.C. § 1692e(8) pursuant to section k of the

Fair Debt Collection Practices Act (15 U.S.C. § 1692k) which provides "any debt collector

who fails to comply with any provision of [the Fair Debt Collection Practices Act] with

respect to any person is liable to such person in an amount equal to the sum of -

(1)    any actual damage sustained by such person as a result of such failure;

(2)

       (A)    in the case of any action by an individual, such additional damages
             as the court may allow, but not exceeding $1,000.00; or

(3)    in the case of any successful action to enforce the foregoing liability, the
costs of the action, together with reasonable attorney's fees as determined
by the court.

WHEREFORE, Plaintiffs requests the following relief:

a.    find that Bayview violated 15 U.S.C. § 1692e(8);

b.    award actual, and statutory damages, and costs of this action including expenses

together with attorneys' fees as determined by this Court; and

c.    grant any other relief deemed appropriate and equitable.

### COUNT XXII – VIOLATION(S) OF 15 U.S.C. § 1692e(10)

143.    All paragraphs of this Complaint are expressly adopted and incorporated herein as though

fully set forth herein.

144.    Bayview violated 15 U.S.C. § 1692e(10) by using false representation or deceptive means

to collect or attempt to collect Plaintiffs' mortgage loan – the collection of which was not

permitted by law at the time Bayview demanded payment, by virtue of the section 524(a)(2)

of the United States Bankruptcy Code.

145.    Plaintiffs may enforce the provisions of 15 U.S.C. § 1692e(10) pursuant to section k of the

Fair Debt Collection Practices Act (15 U.S.C. § 1692k) which provides "any debt collector

who fails to comply with any provision of [the Fair Debt Collection Practices Act] with respect to any person is liable to such person in an amount equal to the sum of -

(1)    any actual damage sustained by such person as a result of such failure;

(2)

       (A)    in the case of any action by an individual, such additional damages as the court may allow, but not exceeding $1,000.00; or

(3)    in the case of any successful action to enforce the foregoing liability, the costs of the action, together with reasonable attorney's fees as determined by the court.

WHEREFORE, Plaintiffs requests the following relief:

a.    find that Bayview violated 15 U.S.C. § 1692e(10);

b.    award actual, and statutory damages, and costs of this action including expenses together with attorneys' fees as determined by this Court; and

c.    grant any other relief deemed appropriate and equitable.

## COUNT XXIII – BAYVIEW'S VIOLATION(S) OF 15 U.S.C. § 1692f(1)

151.    All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

152.    Bayview violated 15 U.S.C. § 1692f(1) by attempting to collect Plaintiffs' mortgage loan – the collection of which was not permitted by law at the time Bayview demanded payment, by virtue of the section 524(a)(2) of the United States Bankruptcy Code.

153.    Plaintiff may enforce the provisions of 15 U.S.C. § 1692f(1) pursuant to section k of the Fair Debt Collection Practices Act (15 U.S.C. § 1692k) which provides "any debt collector who fails to comply with any provision of [the Fair Debt Collection Practices Act] with respect to any person is liable to such person in an amount equal to the sum of -

(1)    any actual damage sustained by such person as a result of such failure;

      (2)

            (A)     in the case of any action by an individual, such additional damages as the court may allow, but not exceeding $1,000.00; or

      (3)     in the case of any successful action to enforce the foregoing liability, the costs of the action, together with reasonable attorney's fees as determined by the court.

WHEREFORE, Plaintiff requests the following relief:

a.     find that Bayview violated 15 U.S.C. § 1692f(1);

b.     award actual, and statutory damages, and costs of this action including expenses together with attorneys' fees as determined by this Court; and

c.     grant any other relief deemed appropriate and equitable.

## COUNT XXIV – BAYVIEW'S VIOLATION(S) OF THE
## ILLINOIS CONSUMER FRAUD AND DECEPTIVE BUSINESS PRACTICES ACT

154.    All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

155.    Plaintiffs are "persons" as defined by 815 ILCS § 505/1(c).

156.    Plaintiffs are "consumers" as defined by 815 ILCS § 505/1(e).

157.    Bayview is engaged in "commerce" as defined by 815 ILCS § 505/1(f).

158.    Bayview is engaged in "commerce" as defined by 815 ILCS § 505/1(f).

159.    It was immoral, oppressive, unethical, unfair and unscrupulous – and against public policy – for Bayview to attempt to collect the loan – the collection of which was not permitted by law at the time Bayview demanded payment, by virtue of the section 524(a)(2) of the United States Bankruptcy Code.

160. It was immoral, oppressive, unethical, unfair and unscrupulous – and against public policy – for Bayview to continue to report derogatory and inaccurate information and statements regarding Plaintiffs' mortgage loan – notwithstanding Plaintiffs' notice(s) of dispute.

161. Bayview's unfair acts and omissions violate public policy and shed light on an industry where business decisions are driven by profit, with complete disregard for consumers, where mundane but unusual issues go unheeded – with the consumer suffering the consequences.

162. As provided above, Bayview's unfair acts and omissions resulted in severe injury to Plaintiffs.

163. An award of punitive damages is appropriate as Bayview's unfair acts and omissions were outrageous, wanton and willful, and showed a conscious disregard and indifference for the rights of Plaintiffs, and consumers generally.

164. Bayview's unfair acts and omissions showed a conscious disregard and indifference for the rights of Plaintiffs, and consumers generally as:

   a.  consumers reasonably anticipate that mortgage servicers will communicate accurately and truthfully regarding their accounts;

   b.  consumers reasonably anticipate that mortgage servicers will not use false, deceptive or misleading representations or means regarding their accounts; and

   c.  consumers reasonably anticipate that mortgage servicers will make honest efforts to resolve any and all disputes expeditiously and impartially.

WHEREFORE, Plaintiffs request the following relief:

   a.  find that Bayview's unfair acts and omissions violate the Illinois Consumer Fraud and Deceptive Business Practices Act;

      b.      award actual, and punitive damages, and costs of this action including expenses

                  together with attorney's fees as determined by this Court; and

      c.      grant any other relief deemed appropriate and equitable.

**Plaintiff demands trial by jury.**

December 30, 2016                            Respectfully submitted,

                                            */s/ Joseph Scott Davidson*

                                          Joseph Scott Davidson
                                          SULAIMAN LAW GROUP, LTD.
                                          900 Jorie Boulevard
                                          Suite 150
                                          Oak Brook, Illinois 60523
                                          +1 630-575-8181
                                          jdavidson@sulaimanlaw.com

                                          *Counsel for Michael G. Long and Cheryl A. Wilcox Long*